Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN MARTINEZ, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| CLARK COUNTY, a political subdivision, and municipality including its department, UNIVERSITY MEDICAL CENTER, | 2. RETAILIATION<br>3. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY |
| Defendants. | JURY DEMAND |

Plaintiff MARTIN MARTINEZ ("Plaintiff" or "Martinez") alleges as follows:

1.  This action is brought pursuant to the Americans With Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA"), including under *§ 12203* for Retaliation and pursuant to the public policy of the State of Nevada.

2.  Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

3.  At all relevant times, CLARK COUNTY, a political subdivision, and municipality

including its department, UNIVERSITY MEDICAL CENTER (hereinafter "Defendant" or "UMC") employed 20 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADA.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Martinez, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant UMC.

## EXHAUSTION OF REMEDIES

7. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on October 5, 2012, a copy of which is attached to the Complaint as Exhibit "A".

## FIRST CAUSE OF ACTION

### (For Disability Discrimination and Failure to Accommodate under the ADA)

8. Plaintiff Martinez incorporates the allegation set forth in paragraphs 1 through 7, inclusive, as if fully set forth herein.

9. In May 2009, Plaintiff was hired as a Warehouse Technician by UMC.

10. On August 4, 2011 Martinez suffered injuries while lifting boxes as part of his job as Warehouse Technician, including a right inguinal hernia and a L5-S1 disc protrusion in Plaintiff's lumbar region. Plaintiff filed a worker's compensation claim for these injuries.

11. On or about December 6, 2011, Plaintiff initially received approval for intermittent

Family Medical Leave for the injuries Martinez suffered in his worker's compensation accident.

12. From September 12, 2011 to December 11, 2011, Plaintiff worked a light duty job in the mailroom of the patient laboratory blood bank to accommodate his disability. Martinez's restrictions included no lifting over five pounds, no repetitive bending, pushing, pulling or climbing, no repetitive motion to injured areas and no reaching or working above the shoulders.

13. On December 1, 2011, Plaintiff was on his cell phone waiting to perform mail duties when Manager Karen Edwards requested Martinez perform new duties which would violate his doctor's light duty restrictions.

14. When Plaintiff refused to perform the new duties, Edwards became angry and put Martinez on suspension.

15. Plaintiff remained on suspension from December 1, 2011 through January 4, 2012.

16. On January 13, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

17. From January 5, 2012 through April 4, 2012 Plaintiff worked light duty in the engineering department dispatching phone calls and doing data entry with the following restrictions: no lifting over ten pounds, no standing over fifteen minutes and no bending or stooping.

18. On April 4, 2012 since Plaintiff was still not able to return to his job as Warehouse Technician because of his disabilities, Martinez was given a leave of absence from April 5, 2012 through June 5, 2012.

19. On June 5, 2012 Plaintiff received a letter from the Office of Diversity at UMC stating that Martinez was a candidate for medical separation unless an alternative job was found which Plaintiff was qualified to perform and could do with or without accommodations.

20. Plaintiff estimates that he applied for approximately twelve to fifteen alternative jobs at UMC which Martinez believes he could have performed with his disabilities. In addition Plaintiff gave UMC an updated resume so they could try to find him an alternative position.

21. Plaintiff also requested that he be able to remain in the engineering department

performing the duties that he performed from January 5, 2012 through April 4, 2012 (which provided a reasonable accommodation for Martinez's disabilities), but UMC refused to allow Martinez to remain in that position.

22. Ultimately UMC refused to offer Plaintiff an alternative job that he was qualified to perform and could do with or without accommodations and refused to extend his leave of absence until he was able to perform all of the job duties required for Warehouse Technician and instead terminated him by medically separating his employment with UMC effective August 7, 2012.

23. As a direct, foreseeable, and legal result of the Defendant's disability discrimination and failure to accommodate Plaintiff's disability, Plaintiff has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

24. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

25. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

26. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

27. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

## SECOND CAUSE OF ACTION

### (For Retaliation in violation of the ADA)

28. Plaintiff Martinez incorporates the allegations set forth in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. This cause of action is brought pursuant to 42 U.S.C. § 12203 of the ADA for Retaliation.

30. As set forth herein above, Plaintiff was retaliated against, for refusing to perform work duties in violation of his doctor's work restriction on December 1, 2011 which resulted in his suspension by Manager Karen Edwards.

31. In addition Plaintiff suffered retaliation for filing and pursuing a charge of discrimination with the EEOC for disability discrimination and failure to accommodate Martinez's disabilities under the ADA which eventually led to Plaintiff's employment with UMC being terminated on August 7, 2012.

32. As a direct, foreseeable, and legal result of Defendant's retaliation against Plaintiff, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

33. As a further direct, foreseeable, and legal result of Defendant's retaliation against Plaintiff, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

34. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

35. Plaintiff claims the damages alleged herein, together with prejudgment interest as

provided by law, in a sum according to proof at trial.

36. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### THIRD CAUSE OF ACTION

### (For Tortious Discharge in Violation of State Public Policy -
### Discharging Plaintiff for Filing a Worker's Compensation Claim)

37. Plaintiff Martinez incorporates the allegations set forth in paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. This cause of action is brought pursuant to the public policy of the State of Nevada making it against said policy to discharge an Employee in retaliation for filing a claim for Worker's Compensation. See *Hansen v. Harrah's*, 675 P. 2d 394 (1984); *Torre v. J.C. Penny Co.*, 916 F. Supp. 1029 (D. Nev. 1996).

39. On August 4, 2011 Martinez suffered injuries while lifting boxes as part of his job as Warehouse Technician.

40. These injuries included a right inguinal hernia and a L5-S1 disc protrusion in Plaintiff's lumbar region.

41. Thereafter because the injuries which happened within the course and scope of Martinez's employment with UMC, Plaintiff filed a worker's compensation claim.

42. Plaintiff was terminated on August 7, 2012 by being medically separated from his employment with UMC for injuries suffered as part of Martinez's worker's compensation claim.

43. Plaintiff believes, alleges, and will prove at trial that Defendant's decision to discharge Plaintiff was at least in part because Plaintiff filed a worker's compensation claim.

44. As a direct, foreseeable, and legal result of the Defendant's discharge of Plaintiff for filing a worker's compensation claim, Martinez has suffered and continues to suffer, substantial losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

45. As a further direct, foreseeable, and legal result of the Defendant's discharge of Plaintiff for filing a worker's compensation claim, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

46. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

47. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

48. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martinez demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of ADA and Nevada public policy;

2. Enjoining and permanently restraining the violations by Defendant of the ADA and Nevada public policy;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

1  7.  For pre-judgment interest on all damages; and

2  8.  For any other and further relief that the Court considers proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 1/2/2013

LAW OFFICES OF MICHAEL P. BALABAN

BY: _____
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141

8

# EXHIBIT "A"

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Martin Martinez<br>1872 Wagonwheel Ave<br>Las Vegas, NV 89119 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2012-00277 | Brenda Perez,<br>Enforcement Clerk | (702) 388-5078 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rosa M. Viramontes,
Acting Director

OCT 0 5 2012
(Date Mailed)

Enclosures(s)

cc: James Mumford
HR Director
UMC
1800 W. Charleston Blvd.
Las Vegas, NV 89102